Central Bank of Westchester County, Respondent, v. Tri-State Supply Company, Appellant, Impleaded with Albert H. Smith, Defendant.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr and Putnam, JJ., concurred.

· Alonzo E. De Baun, Appellant, v. Fred W. Pardee, Appellant. John W. Stoddard and Others, as Executors, etc., and Others, Respondents, Impleaded with Others.—The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the judgment is as follows: Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred.

Alfred J. Graham, Respondent, v. Anton Hehn, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

Minnie Hershowitz, Respondent, v. Morris Feinstein and Harris H. Feinstein, Appellants.— Judgment affirmed by default, with costs. Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.

In the Matter of the Application of Ethel A. Cox, as Administratrix, etc., of Agnes L. Frederick, Deceased, etc., Respondent. William J. Cody, Appellant.— Appeal dismissed by default, with costs. Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.

In the Matter of the Judicial Settlement of the Account of Kings County Trust Company, as Executor and Trustee, etc., of Mary Elizabeth Lewis, Deceased, Respondent. Marion L. Quinn and Another, Appellants.— While the services rendered by the able and distinguished counsel for accountant were valuable, we think that the allowance of $47,600 was in excess of the real value of such services, and it is not approved. The objection to the allowance of that sum is sustained. It is our opinion that the sum of $30,000 is ample and sufficient compensation. The decree of the Surrogate's Court of Kings county is modified so as to allow $30,000 instead of $47,600, and as modified affirmed, without costs. The proceeding is remitted to said court for further accounting by the executor as to the resulting balance. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

Warrena D. Levey, Appellant, v. Clarence D. Levey, Respondent.— To grant or to withhold leave to discontinue a matrimonial action is within the court's discretion, which ordinarily is not reviewed on appeal. Especially are we disinclined to such review in a case like this, where the proofs at successive hearings have been fully taken; both parties having testified in the presence of the trial judge, and the hearings before him having been unreservedly closed. Leave to discontinue in such circumstances depends on plaintiff's showing good faith, honesty and sincerity. This plaintiff, however, demands annulment of her marriage for defendant's incapacity, which she says existed at the time of the marriage and remains incurable. She must show strong grounds, which do not appear